IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MOVIE GALLERY US, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:08-cv-352-WKW [WO] |
| | ) | |
| JARED P. SMITH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on a Motion to Transfer (Doc. # 7), filed by Defendants
Jared P. Smith, Andrew S. Kiel, and Adam M. Plymale (collectively "Defendants"), and a
Motion to Remand or, in the Alternative, to Consolidate (Doc. # 9), filed by Plaintiff Movie
Gallery US, LLC ("Movie Gallery").  For the reasons set forth below, the court finds that the
motion to remand is due to be granted and that the court lacks jurisdiction to rule on the
Motion to Transfer or to consolidate the cases.

**I.  FACTS AND PROCEDURAL HISTORY**

On April 10, 2008, Movie Gallery filed this lawsuit in the Circuit Court of Houston
County, Alabama, against former employees Jared P. Smith, Andrew S. Kiel, and Adam M.
Plymale, alleging Defendants breached their duty of loyalty to Movie Gallery and
misappropriated confidential and proprietary information to steal customers for the benefit

of a competitor in the movie racking business.[1]  (Doc. # 1 Ex. A ¶¶ 1-2, 11.)  For each claim – negligence/wantoness, breach of duty of loyalty, violation of trade secrets acts, intentional interference with contractual or business relations, and fraudulent suppression – the Complaint and Request for Relief requests compensatory and punitive damages of unspecified amounts.  (Doc. # 1 Ex. A ¶¶ 22, 26, 33, 37 & 42.)

Defendants removed the case to federal court on May 13, 2008, basing subject-matter jurisdiction on 28 U.S.C. § 1332, diversity jurisdiction.  (Doc. # 1 ¶ 6.)  As a basis for the amount in controversy, Defendants referred the court to a pending action in this district before the Honorable Myron H. Thompson, *Movie Gallery US, LLC v. Greenshields*, No. 2:07-cv-01032-MHT-CSC (*"Greenshields"*).  (Doc. # 1 ¶ 15.)  *Greenshields* is Movie Gallery's lawsuit against a competitor and other associated parties that are not parties in this case.  *Greenshields* was filed in state court as well (Doc. #1 Ex. C & Ex. 1), but Movie Gallery did not contest the removal to federal court and subsequent to removal, amended its complaint to add federal claims (Doc. #12 Ex. A).

Defendants base jurisdiction for removal on an affidavit the defendants in *Greenshields* submitted in support of removal in that case.  (*See* Doc. #1 Ex. C ¶¶ 8-10.) Defendants submitted a declaration with the Notice of Removal by Defendant Mr. Smith confirming the affidavit he gave and the defendants submitted in *Greenshields*.  (*See* Doc. # 1 Ex. C.)  In the *Greenshields* affidavit, Mr. Smith, by then an employee of the competitor,

---

[1]Movie Gallery's business includes entering into contracts to rent or sell VHS and DVD movies from racks placed in retail stores.  (Doc. # 1 Ex. A ¶ 11.)

asserted his opinion on the amount of revenue lost to Movie Gallery when customers for Movie Gallery switched to its competitor.  (Doc. #1 Ex. C & 2.)  Defendants argue that Movie Gallery's lawsuit against them "regard[s] alleged interference with the same customers and appropriation of the same confidential matter" as that in *Greenshields*.  (Doc. # 1 ¶ 16.)

Subsequent to the Notice of Removal, Defendants filed a Motion to Transfer (Doc. # 7), contending that venue in Alabama is improper and requesting the case be transferred to the District of Montana.  On June 10, 2008, within thirty days of the Notice of Removal, Movie Gallery filed a motion to remand and in the alternative, requested that the court consolidate this proceeding with *Greenshields* and not transfer the case (Docs. # 9, 10).  Defendants responded to those motions (Doc. # 12), and Movie Gallery filed a timely reply (Doc. # 15.)

## II.  STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress.  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).  However, "[f]ederal courts are courts of limited jurisdiction."  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear.  "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."  *Id.*

3

### III. DISCUSSION

Because the Motion to Remand addresses the court's subject-matter jurisdiction, it will be analyzed first. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 127 S.Ct. 1184, 1194 (2007) ("If . . . a court can readily determine that it lacks jurisdiction over the cause . . . , the proper course would be to dismiss on that ground."). Defendants removed this action pursuant to 28 U.S.C. § 1441(b) on the basis that this court has subject-matter jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction. Federal district courts may exercise diversity jurisdiction over cases involving citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. §§ 1332(a)-1332(b). The sole issue relating to the court's subject-matter jurisdiction is whether the amount in controversy exceeds $75,000.

In *Lowery v. Alabama*, the Eleventh Circuit articulated the scope of evidence which can be considered and the burden of proof for establishing the jurisdictional amount in a removal case based upon diversity of citizenship where the complaint alleges unspecified damages. 483 F.3d 1184 (11th Cir. 2007), *cert. denied*, 128 S. Ct. 2877 (2008). To determine the amount in controversy in removal actions, a court can consider only the notice of removal and accompanying documents, *id.* at 1213-14, at least for jurisdictional challenges brought within thirty days of removal, *id.* at 1218. Those documents must "unambiguously establish federal jurisdiction," *id.* at 1213, and the court must remand unless the jurisdictional amount "is either stated clearly on the face of the documents before the court, or readily

4

deducible from them," *id.* at 1211.   Furthermore, "where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Id.* at 1208.

A removing defendant can predicate jurisdiction on either the initial pleading, or "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).  When a defendant bases removal on a document other than the initial pleading, three specific conditions must be satisfied.  There must be "(1) 'an amended pleading, motion, order or other paper,' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists." *Lowery*, 483 F.3d at 1215 n.63 (quoting 28 U.S.C. § 1446(b)).  "Courts have not articulated a single test for identifying 'other paper,' but numerous types of documents have been held to qualify." *Id.* at 1213 n.62.  Those documents include responses to requests for admissions, settlement offers, interrogatory responses, deposition testimony, demand letters, and emails estimating damages. *Id.*

Importantly, however, *Lowery* emphasized that the evidence "contemplated" by 28 U.S.C. § 1446 is evidence "received from the plaintiffs." *Lowery*, 483 F.3d at 1221; *see also, e.g.*, *id.* at 1215 n.63 ("[T]he *defendant's* appraisal of the amount in controversy . . . will ordinarily not provide grounds for his counsel to sign a notice of removal in good faith." (emphasis added)).  The exceptions to that rule are narrow.  One relevant exception *Lowery*

5

recognized is for evidence "regarding damages arising from a source such as a contract"; regardless of whether or not the defendant receives that evidence from the plaintiff, that evidence can be considered for jurisdictional purposes. *Id.* at 1215 n.66. The basis for that exception, however, dictates its limitations.  "In such situations," *Lowery* noted, "the underlying substantive law provides a rule that allows the court to determine the amount of damages," for example, as in contract law, where the court can rely on the default measure of expectations damages. *Id.* Where the substantive law cannot provide that rule, "the factual information establishing the jurisdictional amount must come from the plaintiff," *id.*; evidence from "outside sources" will fail to satisfy § 1446(b), *id.* at 1221. In addition, this exception is set against the backdrop of *Lowery*'s admonitions against jurisdiction "divined by looking to the stars," *id.* at 1215, based on "frowned upon" speculation and "unabashed guesswork," *id.* at 1211.

Indeed, even when a defendant presents evidence received from a plaintiff, the court may still question whether it sufficiently establishes the amount in controversy.  In *Lowery*, the defendants based jurisdiction, in part, on evidence "regarding the value of purportedly similar tort claims in Alabama," 483 F.3d at 1220; in response, the court noted that even if that evidence had actually been received from the plaintiffs, the court would not have been able to "possibly ascertain how similar the current action [wa]s to those the defendants cite," *id.* at 1221.  "Absent specific detail about the present action, [the] supplement in no way clarifies the aggregate value of the claims here."  *Id.*

6

*Lowery* is dispositive of the issue in this case, and is the primary authority relied upon by Movie Gallery.  The thrust of Movie Gallery's argument is that the jurisdictional amount cannot be established by the documents filed with the Notice of Removal – specifically, the declaration confirming the affidavit by Mr. Smith filed in *Greenshields* – because that evidence was not received by Defendants from Movie Gallery in this proceeding.  (Doc. # 10 at 8; Doc. # 15 at 3-4.)  Defendants note instead the similarities between this case and *Greenshields* (Doc. # 12 at 4-6), and argue that Movie Gallery's failure to oppose removal in *Greenshields* based on the same evidence amounts to an admission to the amount in controversy, ostensibly both in that and in this case (Doc. # 12 at 5-6).[2]  For the reasons to follow, the court agrees with Movie Gallery that remand is appropriate.

Resolution of this matter depends on how the evidence submitted with the Notice of Removal is characterized.  Because Movie Gallery filed its motion to remand within thirty

---

[2] Defendants also make two other arguments, both of which miss the mark.  First, Defendants argue that this case resembles three cases that, at least according to Defendants, *Lowery* distinguishes.  (Doc. # 12 at 3-4.)  In *Lowery*, the court concedes that "one might question the application of a preponderance of the evidence standard in a removal case – like this one – where there is no *evidence* to review."  483 F.3d at 1210.  The court continues by listing three cases, those that Defendants cite, as illustrative of the preponderance standard when applied in cases with evidence.  *Id.*  The court concludes, however, that circuit precedent requires the preponderance standard even in naked pleading cases.  *Id.*  Thus, *Lowery*'s discussion of those three cases was not intended to *exemplify* the type of evidence permitted in this case, but serves only to demonstrate the court's point that one could question whether the preponderance standard is more practical in instances in past cases, where other evidence was available.

Second, Defendants argue that Movie Gallery's alternative argument for consolidating the cases concedes the similarity of the cases for jurisdictional purposes.  (Doc. # 12 at 4-5.)  Defendants assert that Movie Gallery's arguments for consolidation and against removal are inconsistent.  (Doc. # 12 at 5.)  That argument does not change what evidence the court can consider for jurisdictional purposes.  Furthermore, Movie Gallery requested consolidation in the alternative.

days, this court is limited in determining jurisdiction to considering the notice of removal and documents filed with it.  That evidence must satisfy the three conditions for (1) type of paper, (2) receipt of paper, and (3) ascertainability of damages, based on 28 U.S.C. § 1446 and summarized in *Lowery*, unless the evidence falls into one of the *Lowery* exceptions, specifically, the exception for evidence indicating substantive law which sets the damages amount.

Defendants' evidence for removal jurisdiction fails to satisfy those three conditions.  Because Defendants are not relying on the initial pleading, jurisdiction must be based on an amended pleading, motion, order or other paper.  Evidence accepted for "other paper" has included documents ranging from interrogatory responses to emails estimating damages, *Lowery*, 483 F.3d at 1213 n.62, and an affidavit, or even an affidavit confirmed by a declaration, would seem to fit into that category.  But if a document submitted *by the defendant* can establish removal jurisdiction, then the defendant circumvents the second requirement, that the evidence must come from the plaintiff.  Plus, as Movie Gallery argues, consideration of Mr. Smith's Declaration "would allow a diverse removing defendant to create federal jurisdiction by submitting an affidavit stating that the amount in controversy is met."  (Doc. # 15 at 4.)

The outcome would be no different had Movie Gallery, rather than the *Greenshields* defendants, submitted the affidavit in *Greenshields*.  *Lowery* addresses the reaches of the receipt requirement when it discusses whether an initial complaint was received by the

8

defendants for removal purposes; though the court notes that actual receipt does not matter, that is because the plaintiffs had *filed* the document and it had become part of the record. *Lowery*, 483 F.3d at 1219.   Movie Gallery was not the party that filed Mr. Smith's Declaration, and Defendants did not receive it from Movie Gallery by its becoming part of the record through that filing.   Thus, even if it had been Movie Gallery that submitted the affidavit in *Greenshields*, this court would have still found that Defendants in *this case*, who are not the same parties as the defendants in *Greenshields*, had failed to receive the affidavit from Movie Gallery.   Allowing a defendant to establish jurisdiction by submitting a declaration confirming an affidavit in another proceeding strays too far afield from the receipt requirement, especially if the affidavit from the other proceeding was submitted by defendants.

Defendants additionally have not established that the evidence falls into the *Lowery* exception for evidence where substantive law provides a rule on damages.  Movie Gallery's complaint identifies agreements it signed with Defendants.  (*See, e.g.*, Doc. #1 Ex. A ¶ 19.) Defendants submitted the *Greenshields'* state court complaint, which contains excerpts of those agreements, and the confidentiality agreement between Movie Gallery and other relevant parties, with the Notice of Removal (Doc. #1 Ex. C & 1).  Under *Lowery*, those agreements theoretically could be relied upon by the court to ascertain damages in this case. That theory, however, collapses in practice, primarily because the causes of action are not contract claims, and Movie Gallery seeks compensatory damages for the tortious conduct of

misappropriation and violating duties.  If the court cannot "look to the contract and determine what [the] damages would be," basing damages on the contract no longer satisfies the exception.  *Lowery*, 483 F.3d at 1215 n.66; *see also id.* at 1211 (requiring the jurisdictional amount be "stated clearly on the face of the documents or readily deducible from them").  The agreements fail to yield a "rule" that sufficiently ascertains damages.  *See id.* at 1215 n.66.

Even in cases where contract claims are directly asserted, the contracts may not be specific enough to determine damages.  A case from the Northern District of Georgia is illustrative on this point.  In *Thrift Auto Repair, Inc.* v. *U.S. Bancorp*, the defendants urged the court to consider the contract evidence under this *Lowery* exception because there was an "Equipment Lease Agreement," and the plaintiffs had filed a breach of contract claim.  No. 1:07-cv-1051-TWT, 2007 WL 2788465, at *3 (N.D. Ga. Sept. 21, 2007).  The court nevertheless found the evidence insufficient to establish the amount in controversy.  *Id.*  In the court's words, its case was "not the kind of case that lends itself to a fair approximation of the measure of expectation damages such as a traditional contract case."  *Id.*  That was because the contract in that case "d[id] not specify the amounts of the allegedly improper fees, charges, and taxes."  *Id.*  The court thus found it impossible to determine damages by looking to the contract, and viewing the exception otherwise – "that a defendant may introduce its own evidence in support of removal in any case involving a contract in any way – is much broader than the Eleventh Circuit intended."  *Id.*

10

The same could be said of any reliance on the agreements in this case, that they do not lend themselves to expectation damages calculations nor do they provide any other numeric hint as to damages.  Furthermore, as stated, Movie Gallery does not allege breach of contract. Substantive contract law on expectations damages does not govern and no analogue can provide a rule for ascertaining damages.  To determine damages for the tortious conduct by relying instead on the contracts Movie Gallery had with customers, as they were described in Mr. Smith's affidavit (Doc. # 1 Ex. C & 2), only circles back to the original problem that those numbers came not from the contracts themselves but from an affidavit by one of the Defendants, in another proceeding.

Neither can the court consider Mr. Smith's declaration as "additional evidence," to shed light on the amount of damages by way of comparison.  *Lowery* discusses the unavailability of such additional evidence.  In *Lowery*, the defendants relied in part on evidence of jury verdicts or settlement amounts other plaintiffs had received in allegedly similar recent mass tort actions in the forum state.  483 F.3d at 1189.  After noting the evidence could not be considered because it had not been received by the defendants from the plaintiffs, the court explained why even if received properly, the evidence would insufficiently ascertain damages.  *Id.* at 1221.  "Looking only to the evidence and the complaint, the facts regarding other cases tell us nothing about the value of the claims in this lawsuit."  *Id.*  Going even further, the court added that "[e]ven were we to look to evidence beyond that contained within the notice of removal, in the present dispute – with a record

11

bereft of detail – we cannot possibly ascertain how similar the current action is to those the defendants cite." *Id.*

The same can be said for this case.  The paucity of detail in the record limits how useful any comparative evidence can be for establishing jurisdiction. In addition, the complaint in *Greenshields* has different claims than the complaint in this case.  Movie Gallery alleged breach of contract in *Greenshields* based on the confidentiality agreement.[3] (Doc. #1 Ex. C & 1.)  The relationships between Movie Gallery and the competitor and associated parties in *Greenshields* are different in time, expectation, and quality than the relationship between Movie Gallery and Defendants in a way that could have a bearing on the outcome,[4] and there is no detailed evidence demonstrating the interdependence of Movie Gallery's claims against Defendants on Movie Gallery's claims against the defendants in *Greenshields*.

## IV.  CONCLUSION

For the foregoing reasons, it is ORDERED that:

1.    Movie Gallery's Motion to Remand (Doc. # 9) is GRANTED;

2.    This case is REMANDED to the Circuit Court of Houston County, Alabama;

---

[3]In the amended complaint in *Greenshields*, Movie Gallery also alleged Lanham Act claims (Doc. # 12 Ex. A), but the amended complaint was not served prior to the filing of the motion to remand. *See Lowery*, 483 F.3d at 1213-14 (stating that in cases where remand is timely filed, "the district court has before it only the limited universe of evidence available when the motion to remand is filed – i.e., the notice of removal and accompanying documents").

[4]For example, Movie Gallery's agreement with the defendants in *Greenshields* was entered into pursuant to negotiations over Movie Gallery's sale of business to the defendants, a sale that eventually fell through (Doc. # 12 Ex. A ¶¶ 12-13), not pursuant to employment with Movie Gallery.

12

3.      The Clerk of Court is DIRECTED to take appropriate steps to effect the

remand.

Done this 5th day of September, 2008.

                              /s/  W.  Keith Watkins
                         UNITED STATES DISTRICT JUDGE